Norman H. Collins, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Joseph Sattler, Jr.,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Daniel R. Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 19, 1976:

Norman H. Collins (Claimant) has appealed an order of the Unemployment Compensation Board of

Review (Board) which affirmed the referee's decision denying him benefits.

Claimant was last employed by the Malleable Iron Company (Employer) for approximately two years. His last day of work was August 6, 1974. On that date, he was terminated for violation of Employer's absentee control policy. Under that policy, which was promulgated with the approval of the union representing Claimant, a fourth warning for *unexcused* absence subjects an employe to dismissal.

The referee found as a fact that on March 29, June 11 and July 24, 1974, Claimant was absent without reporting off. Claimant had received written warnings for these unexcused absences. The referee also found that on August 5, 1974, Claimant reported off work for illness and that, pursuant to Employer's rules, Claimant obtained a note from a physician stating that he was able to return to work. Upon Claimant's return to work the next day, Employer determined that he lacked sufficient proof of the cause of his absence. Employer apparently deemed the August 5, 1974 absence to have been unexcused and, after considering two prior disciplinary warnings unrelated to absenteeism, dismissed Claimant on August 6, 1974.

The referee found that Claimant was dismissed for wilful misconduct and therefore ineligible for benefits under Section 402(e) of the Unemployment Compensation Law[1] (Act). The Board affirmed.

Wilful misconduct which disqualifies a discharged employe from receiving benefits has been defined as the wanton or wilful disregard of the employer's interest; a deliberate violation of rules; a disregard of behavior standards which an employer can reasonably expect or negligence such as to manifest culpability,

---

[1] Act of December 15, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

wrongful intent or evil design or show an intentional and substantial disregard of the employer's interests or the employe's duties. *Unemployment Compensation Board of Review v. Walton,* 21 Pa. Commonwealth Ct. 47, 343 A.2d 70 (1975).

Although we accept the factual findings of the referee as true if supported by substantial evidence, the question of whether the employe's actions which led to his dismissal rises to the level of wilful misconduct is one of law and, therefore, subject to our review. *O'Keefe v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975).

The referee found as a fact that Claimant had contracted a skin disorder in the South Pacific while serving with the armed forces there in 1945. Claimant has been treated for this disorder periodically since 1945, the last such treatment having been in May, 1974. The physician from whom Claimant obtained his release for the August 5, 1974 absence was the skin specialist who had been treating Claimant for this condition.

In *Unemployment Compensation Board of Review v. Schmid,* 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975), we held that an employe's tardiness was not wilful misconduct where it did not violate the specific rules established by the employer regarding the number and type of tardiness violations required for discharge. In *Ralston v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 378, 336 A.2d 654 (1975), we held that failure to report an illness properly in accordance with the employer's rules was wilful misconduct.

In the instant case, Employer has a specific policy regarding absenteeism. Claimant contends that his August 5, 1974 absence was reported according to the

mandate of the policy and that he obtained the proper medical release to return to work. Therefore, Claimant urges that his discharge was improper. The record indicates that the referee denied a request made by Claimant's attorney at the hearing that Employer's testimony be confined to the absentee control policy and whether Claimant's absence justified his termination under that policy. Furthermore, there were no findings made as to whether Claimant's absence on August 5, 1974 violated the policy. This was error. Accordingly, the matter must be remanded in order that evidence be presented and findings made as to the specific requirements of Employer's absentee control policy and whether Claimant's absence on August 5, 1974, and the circumstances surrounding that absence and subsequent return to work, were in violation of that policy.

ORDER

AND Now, this 19th day of July, 1976, the order of the Unemployment Compensation Board of Review is reversed and the record is remanded to the Unemployment Compensation Board of Review for further proceedings not inconsistent with this opinion.