Thomas Romanovich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1977, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, November 21, 1977:

This is an appeal by Thomas Romanovich (claimant) from an order of the Unemployment Compensation Board of Review (Board), dated September 16, 1976, which affirmed a referee's determination that he had been properly discharged for willful misconduct and was, therefore, ineligible for benefits under Section 402(e) of the Unemployment Compensation Law[1] (Act).

Prior to his discharge on November 4, 1975 (Election Day) the claimant was employed by Pili Brothers (employer) as a truck driver. The employer advised the claimant on that morning that he was required to work, and because the claimant insisted that since the collective bargaining agreement then in effect made that day, which was Election Day, a legal holiday, he

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

did not have to work. He was immediately fired and when he later applied for unemployment compensation benefits they were denied under the Act on the basis that his refusal to work made him guilty of willful misconduct and that he was therefore ineligible for benefits under Section 402(e) of the Act.

The circumstances of this incident warrant special consideration in the determination of this appeal, and will be briefly set forth. The claimant had been employed prior to October 1, 1975 by A & E Trucking Co. for approximately four years and, as a member of the Teamsters Local No. 929 (union), was subject to a collective bargaining agreement (agreement) between A & E Trucking Co. and the union which provided, *inter alia*, that Election Day was a paid employee holiday. Subsequently, the claimant as well as other A & E employees became employees of Pili Brothers when that company took over a delivery contract from A & E Trucking Co. Pili Brothers stated it was going to honor the agreement between A & E Trucking Co. and the union, and the union representative also advised the claimant that the benefits available under the agreement were being continued. Furthermore, the employer representative at the hearing admitted that a list posted on the shipping room bulletin board noted Election Day as a holiday.

The claimant testified before the referee that the normal procedure regarding whether or not an employee would work on a particular holiday was that the employer would ask him the day or night before if he wanted to work and then he could either work or not at his option. He said that shortly after midnight on Election Day, he was telephoned by his employer's shipping supervisor, and, after being asked if he was coming into work, replied that he would not because he had some personal business to take care of, whereupon the supervisor said that was "okay."

Later that morning between eight and nine o'clock, he said that a Mr. Thorn called, representing his employer, and asked if he was coming to work. His testimony before the referee on this point was:

ROMANOVICH: He had called me up and asked me why I did not come into work and asked if I was coming into work on the holiday and I explained to him that I was taking the day off for personal business because it was a set holiday through the company and I could not make it into work. . . .

QL: And what was his reply?

ROMANOVICH: He then advised me that there was no contract with the company and there was no union with them and that there was no holiday.

QL: And what did you tell him?

ROMANOVICH: I told him that prior, two or three weeks before, that Mr. Tony Pili, my new boss, the president of the company, had a meeting with the drivers and myself and he was going to honor the contract and pick it up from where Mr. Silverman had left off because we had one more year to go with the contract and he said he was going to honor the contract in our wages and benefits from there, 'til set agreement.

QL: And what did Mr. Thorn have to say to that?

ROMANOVICH: He then again repeated that there was no contract and that there was no union in the place and I was fired. . . .

We had two personal days per year and two weeks vacation per year [and I had taken] one, so far [personal days].

Section 510 of the Act, 43 P.S. §830, provides that this Court's scope of review in unemployment com-

pensation appeals must be confined to questions of law and, absent fraud, to a determination of whether or not the findings of fact are supported by the evidence.

The referee's relevant findings here are:

3. November 4, 1975 had been a posted legal holiday in accordance with the labor-management agreement between the claimant's union and his previous employer.

4. The claimant was advised by his employer, Pili Bros. Trucking, that it was necessary for him to work on November 4, 1975 because of the nature of the business which required prompt delivery to the food company. However, the claimant refused to report for work giving the sole explanation of 'personal business.' As a result, claimant was discharged.

5. The claimant did not file a grievance through his union in an attempt to remain employed, his stated reason being that he did not want to continue working for Pili Bros. Trucking.[2]

It appears to us that finding No. 4 is not supported by the evidence. The claimant testified and no one denied that the president of Pili Brothers represented to the claimant and to other employees that the company would honor the existing collective bargaining agreement. Nor had anyone denied that the shipping supervisor called the claimant some time after midnight on Election Day and said it was "okay" for the claimant not to work or that Mr. Thorn's telephone

---

[2] It should be noted that the fact that the claimant did not file a grievance through his union to remain employed does not affect the issue of law of this case as to whether or not his conduct in remaining off work on Election Day rose to the level of "willful misconduct" under Section 402(e) of the Unemployment Compensation Law.

call directing the claimant to come to work was not made until 9:00 A.M. that morning. In addition, the employer offered no testimony whatever to the effect that he at any time mentioned a business justification for requesting the claimant to work on the day here concerned. Instead the entire conversation turned on the application of the collective bargaining agreement. Our reading of the record convinces us that the referee's finding of fact No. 4 is not supported by the evidence and that the Board also erred in adopting the finding. Absent this finding, we must consider whether or not the remaining findings are sufficient to sustain the Board's conclusion that the claimant's refusal to work on Election Day constituted willful misconduct.

The employer has the burden of proving that the employee's discharge resulted from an act of willful misconduct and that unemployment benefits should therefore be denied. *Unemployment Compensation Board of Review v. Dixon*, 27 Pa. Commonwealth Ct. 8, 365 A.2d 668 (1976). Whether or not actions of an employee constitute willful misconduct so as to render him ineligible for compensation following his discharge from employment is a question of law subject to our judicial review. *Collins v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 538, 360 A.2d 760 (1976); *Sturniolo v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975). While the term willful misconduct is not defined in the Act, this Court in numerous decisions has defined it as the wanton or willful disregard of the standards of behavior the employer has the right to expect of his employees, or negligence which manifests culpability, wrongful intent, or evil design, which shows an intentional and substantial disregard of the employer's interests for

the employee's duties and obligations to the employer. The claimant argues here that his actions were not willful misconduct but were reasonable under the circumstances, citing the recent Pennsylvania Supreme Court case of *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976), which held that a claimant's refusal to work on Election Day after a directive by the employer only one day before was not such a disregard of standards of behavior as to afford the employer or the referee the right to consider it as willful misconduct warranting a denial of unemployment compensation benefits. The rationale of the Court in *Frumento, supra,* was that the employee's reason for noncompliance was reasonable under the circumstances as compared with the unreasonabless of the employer's directive.

In the case at hand, the employer waited until the morning of Election Day to direct the claimant to report to work. The claimant's reasons for noncompliance were that the president of the company had told him and his union that the collective bargaining agreement (with the prior employer) was going to be honored, which included Election Day as a holiday, that it was so posted on the bulletin board at work, and that no one had ever informed him otherwise.

We are satisfied, therefore, that applying the rationale of our Supreme Court in *Frumento, supra,* the claimant's reasons for noncompliance with the employer's request were reasonable under the circumstances and that his failure to work on Election Day was not "willful misconduct." We must find him eligible for unemployment compensation benefits.

The order of the Unemployment Compensation Board of Review is therefore reversed and the matter is remanded to the Board for further proceedings consistent herewith.

508 

### Order

AND Now, this 21st day of November, 1977, the order of the Unemployment Compensation Board of Review denying benefits to Thomas Romanovich is hereby reversed and the matter is remanded to the Board for the computation and award of benefits.