Michael D. Hayes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Marguerite Cackley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Deby Doloff, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

50

Argued April 3, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Germaine Ingram,* for appellants, Cackley and Doloff.

*John J. Murphy, Jr.,* for appellant, Hayes.

*Bernadette A. Duncan,* Assistant Attorney General, with her *Daniel R. Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE DiSALLE, June 9, 1978:

These are petitions for review filed by Michael D. Hayes, Marguerite Cackley, and Deby Doloff (Claimants), from the denial of their individual applications for unemployment compensation benefits. The Bureau of Employment Security denied benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Upon appeal and after

separate hearings, separate referees affirmed the decision of the local Bureau and disallowed the claim for benefits. Thereafter, the Unemployment Compensation Board of Review (Board), in separate decisions, disallowed the further appeal of Hayes concluding that the determination made by the referee was proper, and affirmed the referees' decisions in the appeals of Cackley and Doloff. These appeals followed. President Judge BOWMAN, by Order dated January 20, 1977, consolidated the appeals for purposes of argument. This opinion is being rendered in support of our decision in all three appeals.

Claimants, professional child care workers, were employed at Carson Valley School (Employer), a residential facility for children, most of whom are classified as "deprived-neglected." Claimants were assigned to "Orchard Cottage," one of the living units for the children at the school. In September, 1975, the school administrators implemented a new work schedule which was applied uniformly to all the cottages at the facility. Prior to this time, it had been the practice to allow the child care workers in each cottage to devise and execute their own work schedules. Claimants, and several other workers in the "Orchard Cottage," were dissatisfied with the Employer's new work schedule. They nevertheless complied with this schedule for approximately four weeks while they initiated discussions with the Employer concerning revision of the schedule. Following these discussions, during which the Employer refused to revise the schedule, Claimants implemented their own work schedule. When they reported to work on this revised schedule, the Employer informed Claimants that they must either comply with the administratively approved schedule or they would be discharged. When Claimants refused to work pursuant to the Employer's schedule, they were terminated.

Whether or not the actions of an employe constitute wilful misconduct so as to render him ineligible for unemployment compensation following discharge from employment is a question of law subject to our judicial review. *Romanovich v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 501, 379 A.2d 1065 (1977). We are faced with the determination, therefore, of whether Claimants' noncompliance with the Employer's work schedule amounted to wilful misconduct.

Claimants argue that their actions were not wilful misconduct but were reasonable under the circumstances, citing the Pennsylvania Supreme Court case of *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). The Court in *Frumento* held that in deciding whether an employe's refusal to comply with the directive of his employer represents a disregard of the standards of behavior which the employer has a right to expect of an employe, we must evaluate the employe's reason for noncompliance and the reasonableness of the employer's request.

Claimants do not challenge the authority of the Employer to implement a new work schedule. Nor do they claim that the Employer's request was unreasonable. Rather, they charge that the Employer failed and refused to take steps to alleviate what they claim to be a burdensome condition created by the new schedule, and contend, therefore, that their refusal to adhere to that schedule was justifiable since it impaired their ability to effectively guide and supervise the children.

In this regard, the Board made the following finding of fact in both the Cackley and Doloff appeals:[1]

---

[1] No similar finding of fact as to Claimant Hayes was made; however, no issue was raised in this regard.

3. The claimant was dissatisfied with this schedule because she felt it did not afford her the opportunity for personal contact with the children and meeting time with the staff.

As between the Claimants' alleged reasons for their noncompliance and the Board's findings as to their reasons, we are bound by the findings of fact made by the Board since a review of the record demonstrates that they are supported by substantial evidence and matters of credibility and evidentiary weight are left to the Board. *Unemployment Compensation Board of Review v. Thomas*, 24 Pa. Commonwealth Ct. 136, 354 A.2d 46 (1976).

Recently, our Supreme Court has twice considered whether an employe's refusal to comply with a directive of his employer constituted wilful misconduct. In *Frumento*, an employe's refusal to work on Election Day after an express order by his employer that he do so, was upheld as justifiable where the employe was a judge of election, and would have been subject to criminal penalties if he failed to attend his elected duties. In *McLean v. Unemployment Compensation Board of Review,* Pa. , 383 A.2d 533 (1978), an employe's refusal to drive a truck in the face of his employer's directive to the contrary, where to do so would have placed his life in danger, was also held to be justifiable. Both of these cases involved extraordinary circumstances. On the record before us, we cannot conclude that Claimants' justifications in the instant cases rise to this level.

Claimants had the burden of proving that their refusal to follow the new schedule was justifiable. However, they failed to present any affirmative evidence to support their contention that the schedule had in fact created a detrimental effect on the children or had a direct tendency to do so. Instead, as

the Board found, Claimants merely protested that the new schedule resulted in a reduction in personal contact with the children and meeting time with the staff. While the Claimants' concern for the welfare of the children in their charge is admirable, the right of an employer to run his business according to his own beliefs and judgment may not be restricted unless compelling reasons to the contrary exist. Claimants' reasons do not fall within this limited exception.

Accordingly, we affirm.

ORDER

AND Now, this 9th day of June, 1978, the decision of the Unemployment Compensation Board of Review is hereby affirmed.