William Parke, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1978, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*Michael Goldberg*, with him *James Kearney*, and *Alan Linder*, for petitioner.

*Daniel Schuckers*, Assistant Attorney General, with him *James Bradley*, Assistant Attorney General, and *Gerald Gornish*, Attorney General, for respondent.

OPINION BY JUDGE BLATT, November 3, 1978:

This is an appeal by William Parke (claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits.

The claimant was employed by Jones Motor Company (employer) as a tractor-trailer driver and truck loader. From December 1974 until his last day of work in March 1976, he was involved in five vehicle

accidents, all designated by the employer as "preventable." After each accident he was warned that he would have to be more careful, and after the fifth one he was discharged. He then applied for unemployment compensation benefits, which were denied. The referee's decision was based on Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), which directs that a claimant shall not be eligible for benefits for any week in which unemployment is the result of discharge for willful misconduct connected with the claimant's work. The referee's decision was upheld on appeal to the Board.

In an unemployment compensation case the burden is on the employer to prove that the discharge of an employee was the result of his willful misconduct. *Romanovich v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 501, 379 A.2d 1065 (1977). Willful misconduct has been defined by this Court as:

> (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973).

The employer's evidence of willful misconduct consisted of testimony by an employer's representative who stated that the accidents were "preventable." This determination, he testified, was based on a review of

the circumstances by the vice president of safety and on a mechanical investigation conducted by a mechanic. The representative also testified that the claimant was warned concerning the accidents.

We do not think that this testimony meets the burden of establishing willful misconduct. *See Unemployment Compensation Board of Review v. Dravage*, 23 Pa. Commonwealth Ct. 636, 353 A.2d 88 (1976); *Unemployment Compensation Board of Review v. Kullen*, 21 Pa. Commonwealth Ct. 488, 346 A.2d 926 (1975). Nowhere in the testimony did the witness explain the term "preventable," and nowhere did he present the underlying facts that would justify even a finding of negligence. We have only his conclusory statements that the accidents were "preventable." While the employer may have been justified in discharging the claimant under these circumstances, we are unable to equate five "preventable accidents" with willful misconduct as defined by this Court.

We, therefore, reverse the order of the Board.

### Order

And Now, this 3rd day of November, 1978, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby reversed and remanded for computation of benefits.