Norman H. Collins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1978, before Judges BLATT, DiSALLE and MACPHAIL, sitting as a panel of three.

*Mary Ann Kirkpatrick,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, November 14, 1978:

Norman H. Collins (claimant) appeals to us from an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying him benefits.[1] The Board found that he had three unexcused absences from work, that he had been given a written warning for being away from his work area, and that he had been suspended for two days for entering the employer's plant while under the influence of intoxicating beverages. The Board also found that, after his fourth absence, he returned with a medical release, but in fact had not been examined by a physician and the release had been obtained from a physician's nurse who gave it to the claimant because he was intoxicated and she was afraid of him. The claimant contends that this last finding of the Board is based solely on hearsay, and thus cannot stand. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). We believe, however, that there is sufficient corroboration of the finding of

_____

[1] This case was previously before this Court in *Collins v. Unemployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 538, 360 A.2d 760 (1976), at which time we remanded the matter to the Board for further findings as to the employer's absentee control policy and the circumstances surrounding the claimant's last absence. The claimant's contention that the Board has not made the required findings of fact with regard to the absentee control policy is without merit.

the Board inasmuch as the claimant admitted that the physician did not examine him and that the release, which purported to be signed by the physician, was written by the nurse.

We, therefore, affirm the Board.

ORDER

AND Now, this 14th day of November, 1978, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.