Marie S. Blythe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

.Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*John L. Lachall,* with him *Reilly, Fogwell & Lachall,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *J. Justin Blewitt,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 12, 1979:

Marie S. Blythe (claimant) appeals here from an Unemployment Compensation Board of Review (Board) decision which denied her unemployment

benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Act).

The claimant, a licensed physical therapist, was employed as the Director of Physical Therapy at the Pocopson Home which is a county institution serving the elderly. On May 11, 1977, after refusing to resign at the request of the home's administrator, her services were terminated. Her application for unemployment compensation benefits was subsequently denied by the Bureau of Employment Security (Bureau) on the grounds that her discharge was for willful misconduct, and this refusal was affirmed by a referee and by the Board. This appeal followed.

The claimant's basic contention is that the activities which brought about her discharge did not amount to willful misconduct.

The referee's relevant findings were that:

2. During the course of her employment, the claimant attempted to modify treatment prescribed by doctors at the Pocopson Home and further beyond the scope of her employment, attempted to assume the duties and directions of her immediate supervisor and doctors working at the Pocopson Home.

3. During the course of her employment at the Pocopson Home, the claimant on at least some occasions, left patients in the physical therapy department unattended.

4. As a result of all of the above, the claimant was dismissed.

The employer, of course, had the burden here of proving that the claimant's discharge resulted from an act of willful misconduct and that unemployment benefits should therefore be denied. *Romanovich v. Unemployment Compensation Board of Review*, 32 Pa.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Commonwealth Ct. 501, 379 A.2d 1065 (1977). Whether or not her actions constituted willful misconduct so as to render her ineligible for compensation following discharge from employment is a question of law subject to our judicial review. *Collins v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 538, 360 A.2d 760 (1976). And, while the term willful misconduct is not defined in the Act, this Court has defined it as the wanton or willful disregard of the standards of behavior the employer has the right to expect of his employees, or negligence which manifests culpability, wrongful intent, or evil design which shows an intentional and substantial disregard of the employer's interests or the employee's duties and obligations to the employer. The claimant argues here that her actions were reasonable under the circumstances. *See Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

The referee found that the claimant attempted to modify treatment prescribed by doctors at the home in disregard of the standards of behavior her employer reasonably expected. The record indicates, however, that the attempts to so modify treatments consisted not of unilateral decisions made in defiance of the doctors' orders, but of communications with the doctors regarding the treatments. The administrator himself testified as to one incident, for example, that the claimant *"persuaded* the physician to cut it [the treatment] down to three times per day.'' It would seem reasonable to believe that the claimant in her professional capacity would *not* be acting contrary to the best interests of her employer, when she attempted to change treatment plans, if she was doing so *with* the doctors' permission.[2] The same finding

---

[2] The other incident concerned an order from a doctor for treatment to a patient three times daily. The claimant testified that this

of the referee indicates that the claimant acted beyond the scope of her employment and attempted to assume the duties of her supervisor and the doctors; yet we find no evidence in the record to support this. As the Director of Physical Therapy, the claimant was surely authorized to exercise some degree of discretion, and the record does not indicate to us that she exceeded that authority.

The referee's finding of fact No. 3 which states that the claimant left patients unattended, would, on its face, seem to justify a finding of willful misconduct. The testimony, however, indicates that the claimant, although not at all times in the same room with the patients, was always in the department when patients were present. She testified that it was necessary for her at times to be in her office, which adjoined the therapy room, when patients were exercising in the therapy room. The only other time she was not present in the therapy room according to the unrebutted testimony was when she was pushing patients into the occupational therapy room next door. She also testified that it was necessary for her to go into her office to answer the phone or to transfer patients to other departments because of the administration's refusal to supply her with additional help.

Viewing the record as a whole, we must conclude that the claimant acted in a professional way to cope effectively with a very heavy work load, and that her manner of doing so does not constitute willful misconduct.

The order of the Board is reversed and the matter is remanded for the computation of benefits.

---

was highly unusual and that she assumed the doctor meant three times weekly. A check was made with the doctor, and as soon as the claimant learned that he had indeed meant three times daily, she commenced those treatments.

## ORDER

AND Now, this 12th day of July, 1979, the order of the Unemployment Compensation Board of Review denying benefits to Marie S. Blythe is hereby reversed and the case is remanded to the Board for computation of benefits.