New Kensington-Arnold School District, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Bernard J. Smith, Jr., Respondents.

Argued May 11, 1979, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*Philip Corbin, Jr.,* for petitioner.

*GuruJodha Singh Khalsa,* Assistant Attorney General, with him *Reese F. Couch,* Assistant Attorney General, and *J. Justin Blewitt,* Acting Attorney General, for respondent, Unemployment Compensation Board of Review.

*Shelley W. Elovitz,* with him *Ronald N. Watzman,* for respondent, Bernard J. Smith, Jr.

OPINION BY JUDGE BLATT, July 31, 1979:

Bernard J. Smith, Jr. (claimant) was dismissed by the New Kensington-Arnold School District (employer) for immoral conduct in connection with his teaching responsibilities. Although he was denied unemployment benefits by the Bureau of Employment Security, he was later granted benefits by a referee who held that the employer had not proved the discharge to have been for willful misconduct as required by Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e). The Board affirmed and this appeal followed.

We have reviewed the record and are satisfied that the Board was correct. The employer's representative testified only in a conclusory manner that the claimant had engaged in immoral conduct and was consequently discharged; he declined to elaborate even after the referee pointed out the lack of underlying facts. There being no competent evidence from which the Board could have made findings sufficient to support a determination of willful misconduct, it properly awarded benefits. *See Parke v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 382, 393

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

A.2d 62 (1978). While there may be a very good reason for the employer's inability to produce more evidence, we have no basis upon which to reach a conclusion different from that of the Board.

We agree with the Board, moreover, that a remand is not in order because the employer has not proffered any additional competent evidence.

The order of the Board is therefore affirmed.

Judge DiSALLE dissents.

ORDER

AND Now, this 31st day of July, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.