Ralph Gemberling, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

372

Submitted on briefs November 17, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Peter B. Macky,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 1, 1983:

The Unemployment Compensation Board of Review affirmed the referee's denial of benefits to Ralph Gemberling. He appeals; we reverse and remand.

Gemberling was employed by the Tressler Lumber Company as a power saw operator and later as a log skidder operator. Although he was qualified for the latter, he requested transfer to the former because he believed that it was less hazardous. That request was not honored, nor were the safety precautions he requested taken. Claimant quit when the work crew, of which he was a member, was reprimanded for failing

to complete work promptly and the log skidder he was operating almost rolled over.

A claimant who voluntarily terminates his employment must prove under Section 402(b) of the Unemployment Compensation Law[1] that he quit for "cause of a necessitous and compelling nature." To meet this burden, he must show that his conduct was consistent with ordinary common sense and prudence based on real, substantial and reasonable factors and is not based on factors which are imaginary, trifling or whimsical. *Weglarz v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 505, 399 A.2d 819 (1979). Since Gemberling did not prevail below, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether the findings can be sustained without a capricious disregard of competent evidence. *Baird v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 118, 372 A.2d 1254 (1977).

We are unable to determine whether Gemberling has met his burden because of the inadequacy of the record before us. For example, there are no findings of fact to support the Board's conclusion that the hazards inherent in the operation of the log skidder could be overcome by proper, careful and attentive handling of the machine. Moreover, the Board erroneously relied upon hearsay, to which a timely objection was made, in reaching the conclusion that Gemberling did not use the available safety equipment to make his job less hazardous.[2] Therefore, we hold that the conclusions of law are not supported by the findings of fact.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

[2] Hearsay evidence properly objected to is not competent evidence upon which the Board may base a finding. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

374

Reversed and remanded for proceedings not inconsistent with this Opinion.

ORDER

Decision No. B-192185 of the Unemployment Compensation Board of Review is reversed and remanded for further review consistent with this Opinion. Jurisdiction relinquished.