Earl H. Nichol, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, January 30 1984, to Judges WILLIAMS, JR., BARRY and PALLADINO, sitting as a panel of three.

*Dina G. McIntyre, McIntyre & McIntyre,* with her, *Armand R. Cingolani, Jr., Cingolani & Cingolani,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 7, 1984:

Earl H. Nichol, Jr. (claimant), petitions for review of the order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee denying benefits pursuant to Section 402(e)[1] of the Unemployment Compensation Law (Act) (discharge for willful misconduct connected to work).

The claimant was last employed as a radio announcer by WBUT, Inc. (employer). He was discharged because he allegedly failed to comply with three of the employer's policies of which he was aware: verifying the pronunciation of names of residents of the area served by the employer before using such names in broadcasts; certifying that a commercial had been broadcast by the employer's FM station when it had not and recording weather reports for broadcast by the FM station directly onto tape cartridges without having recorded the reports on reel-to-reel tape.

The burden of proving that the claimant was discharged for willful misconduct is on the employer. *Stauffer v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 569, 455 A.2d 300 (1983). If, as here, the burdened party has prevailed before the Board, our scope of review is limited to questions of law and determining whether the findings of fact are supported by substantial competent evidence. *Saxton v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983).

The claimant contends that the referee's[2] material findings of fact are not supported by substantial evi-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] In issuing the order under review, the Board made no independent findings of fact or conclusions of law; consequently, the findings and conclusions of the referee are before us.

dence and that the referee's conclusion of willful misconduct was legal error. The Board, in its brief, concedes that the alleged failures to verify the pronunciations of names and the alleged false certification that the commercial had been broadcast occurred at a time too remote from the claimant's discharge to constitute the ultimate reason for discharge. *See Panaro v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 19, 413 A.2d 772 (1980). Thus, we need determine only if those findings relating to the alleged failure to comply with the weather report recording procedure are supported by substantial competent evidence in the record and whether such conduct constitutes willful misconduct.

The findings relating to the weather report issue are as follows:

7. Claimant was advised in 1981 that the employer wanted the weather reports to be first recorded on a reel before being transferred to a cassette and the reason therefore was explained to claimant.

8. On occasions claimant would not first record the weather information on a reel but would record same directly on a cassette and on each and every occasion when this was observed or noticed by the employer, claimant was advised and directed to record the weather report as instructed by the employer.

. . . .

14. Also, after March 29, 1982 claimant continued to refuse to follow the employer's directions as to how the weather reports were to be recorded and when the employer observed another incident in late June, 1982 of claimant's failure to properly record the weather reports,

he was notified on July 1, 1982 that he was being removed as an employee and that he would not be permitted to work beyond July 30, 1982.

Number 7 is not contested by the claimant; however, he contends that the crucial findings involved, Numbers 8 and 14, are not supported by substantial evidence. Therefore, we must examine the record to determine the validity of this argument.

The claimant admits that he recorded the weather reports directly on tape cartridge, but denies doing so after being advised in 1981 of the employer's policy. The only evidence presented by the employer on this point was the testimony of the president, Mr. Bob Brandon. He testified that even after the claimant had been advised of the correct procedure, the claimant "was repeatedly caught time and time again doing it." In response to a question by the referee, the president maintained "there was probably at least three set-down (sic) consultation sessions with Mr. Nichol, stating that he should not record these items for the broadcast directly onto the on air cartridge." However, on cross-examination by the claimant's counsel, he admitted that he could not give the specific dates when these consultations occurred, nor did he testify that he was personally involved in these consultations. Such conclusory testimony without the underlying facts is not competent. *New Kensington-Arnold School District v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 551, 403 A.2d 1377 (1979); *Parke v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 382, 393 A.2d 62 (1978). The only specific incidents of the claimant's alleged failure to comply with the weather report policy in which the president was personally involved occurred on June 28, 1982 and June 30, 1982.

According to his testimony, the president found the claimant in a recording studio on June 28, 1982. He intended to ask the claimant a question about the claimant's vacation plans. As he entered the studio he observed that the claimant had a microphone in his hand, that the weather cartridge was in the cartridge recorder and that the record button was on. He also observed the absence of tape on the reel-to-reel tape recorder and the claimant seemed to him to be anxiously attempting to stand in front of the cartridge recorder. He had a conversation with the claimant about the vacation question and then left the studio without questioning the claimant about his observations. Later, as he was driving home for lunch, he heard a broadcast of the weather report by the claimant which was interrupted by a loud crashing sound. When he arrived home, he telephoned the claimant and informed the claimant that he attributed the interruption to the claimant's failure to comply with the weather report taping procedure. The claimant offered an alternative technical explanation, but the president rejected the explanation as having nothing to do with what actually happened.

The president also testified that on June 30, 1982 he listened to a recording of a weather report by the claimant which he initially believed had been recorded properly, however, he subsequently detected a background noise which he believed was caused by the claimant's failure to follow the recording procedure. The claimant again offered an alternative technical cause for this background noise, although he testified that he was not aware that it was present on the tape of the June 30, 1982 weather report.

It is apparent from the findings that the referee credited employer's testimony. However, this testimony raises the question of whether the president, not having observed the claimant as these weather reports

were taped, was a competent witness to testify as to the cause of certain noises which he heard on those weather reports. Without the benefit of personal observation, his testimony as to the cause of the noise was either conjecture or opinion. If it was conjecture then it is not admissible as evidence. *Laubach v. Haigh,* 433 Pa. 487, 252 A.2d 682 (1969).[3] If it was opinion, then it would be inadmissible if the fact finder[4] has all the facts necessary to render an opinion before him and the fact finder is in as good a position as the witness to draw inferences from the facts. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 169, 175 n. 6, 420 A.2d 774, 777 n. 6 (1980). "It is also well settled that the admission of incompetent opinion evidence which goes to the legal conclusions to be drawn by the factfinder constitutes reversible error (citations omitted)." *Taylor v. Fardink,* 231 Pa. Superior Ct. 259, 262, 331 A.2d 797, 799 (1974).

At several points during the hearing, the president and the claimant made reference to the technical na-

---

[3] While it is true that in the unemployment compensation administrative review system, the statutory or common-law rules of evidence need not be strictly followed, nevertheless, in matters of admissibility and competency we have required closer adherence to the general rules. *Gemberling v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 371, 456 A.2d 713 (1983) ; *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976) ; *Unemployment Compensation Board of Review v. Stiles,* 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975) and *Lipshutz v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 257, 303 A.2d 231 (1973).

[4] Section 504 of the Act, 43 P.S. §824 reserves the ultimate fact-finding authority in unemployment compensation appeals to the Board. However, as has been indicated in n. 2, the Board in this case adopted the findings and conclusions of the referee; therefore, the referee is the fact finder here. *See Palmer v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 388, 449 A.2d 126 (1982).

ture of the testimony concerning the recording procedure. Moreover, the referee recognized that the testimony raised questions which could not be resolved without a technical knowledge of audio recording and he admitted that he was not an expert in such matters. Nonetheless, the referee allowed the president to testify as to the causes of the noises and then prevented the claimant's counsel from attempting to establish a lack of technical expertise on the part of the president's brother, Mr. Ronald Brandon, the employer's board chairman.[5] Under all of the circumstances here, the referee erred in failing to require the employer's witnesses to establish a technical expertise before relying on their opinion testimony and he compounded the error by deterring the claimant's counsel from attempting to demonstrate the lack of such expertise.[6] If the referee had elicited this information for the record we would be able to determine whether the evidence upon which he relied for the critical findings is competent; however, in the absence of such testimony, we cannot do so. Also, we cannot assume that the employer's witnesses were lacking in expertise so that we can determine whether the referee was in as good a position as they to draw inferences from the facts,

---

[5] The employer was uncounseled at the hearing and made no attempt to qualify its witnesses as experts.

[6] In *Kundrat v. State Dental Council and Examining Board,* 67 Pa. Commonwealth Ct. 341, 345, 447 A.2d 355, 357 (1982), we stated:

Expert testimony is utilized to assist a trier of fact to understand the evidence presented or to determine a fact in issue. It is appropriately employed in situations where the subject matter of the inquiry is one involving special skills, knowledge, and training which are normally beyond the expertise of the factfinder (citations omitted).

Our Supreme Court has recognized that under certain circumstances, expert testimony may be necessary in unemployment compensation cases. *See Steffy v. Unemployment Compensation Board of Review,* 499 Pa. 367, 453 A.2d 591 (1982).

which would render their opinion testimony inadmissible.

Therefore, we have no choice but to remand this case to the Board for a new hearing solely for the purpose of receiving testimony as to the technical expertise of the employer's witnesses who have testified in this case and for new findings, if necessary, on the issue of the claimant's alleged failure to comply with the employer's weather report procedure and a new decision.

#### ORDER

AND Now, this 7th day of May, 1984, the order of the Unemployment Compensation Board of Review, Decision No. B-212243, is vacated, and the record is remanded to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.