Raybelle Vann, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

190

Submitted on briefs December 8, 1983, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Harold I. Goodman,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 27, 1984:

Ms. Vann (Claimant) has been denied unemployment compensation benefits because the Unemployment Compensation Board of Review (Board), affirming the decision of the referee, held that Claimant's actions constituted willful misconduct. *See* Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was the only witness to appear before the referee. She was not represented by counsel. After she was sworn, she was instructed by the referee that she had the right to be represented by counsel, the right to cross-examine witnesses and the right to present witnesses of her own. The referee then proceeded to identify and "introduce" certain exhibits into evi-

dence including a letter from a Mr. Goodman, her employer.[1] These matters were part of the records of the Office of Employment Security (OES). The referee asked Claimant if she had any objections to these items. Her recorded response was "Hum-um." The referee then announced that no objections were noted and proceeded to examine the Claimant. The Claimant insisted before the Board and argues to this Court that her response to the referee's question was intended to indicate that she *did* object. In our opinion such a response cannot be considered a valid objection.

In any event, the hearing proceeded with Claimant testifying that she was a short order cook at Casey's Bar and Restaurant. On the date in question the boss's son, so identified by Claimant, told her to slice some lettuce and onions. She testified that she told him she had her own preparations to take care of for the lunch hour rush but that as soon as she finished that task, she would do the slicing. The son reported Claimant's refusal to obey his command to his father. Claimant continued to get her work done for the lunch hour; however, she was sent home by her employer and not recalled.

The Board found that Claimant's refusal to obey "the boss's" request constituted willful misconduct.

Claimant presents two issues for our consideration. She first contends that it was error for the referee to fail to instruct the Claimant that the employer had the burden of proof in the case and that Claimant had the right, where the employer presented no evidence, to decline to testify. In *Harring v. Unemployment Com-*

---

[1] That letter stated that Claimant was discharged because she had been late for work on occassions and she had refused to perform a small job in the kitchen. Claimant maintained at the hearing and in her brief to this Court that her employer was G. Goodman and not his son, J. F. Goodman, who signed the letter.

*pensation Board of Review*, 70 Pa. Commonwealth Ct. 173, 452 A.2d 914 (1982), the Board found the claimant ineligible for benefits because of willful misconduct. The employer's only evidence was a letter from the employer to the OES. At the referee's hearing, the claimant elected not to testify. The Board drew an inference of guilt from claimant's silence which it said corroborated the employer's hearsay evidence under *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). We reversed, holding that the inference from a party's refusal to testify cannot be considered evidence established by the party with the burden of proof. Without that evidence, all that remained was the hearsay letter. We reversed and remanded for the computation of benefits. In the instant case, had Claimant not testified, we would have reached the same result as we did in *Harring* because Mr. Goodman's letter could only support a finding by the Board if it was corroborated. *Walker.*

While we wish that all claimants were represented by counsel in administrative hearings, the fact is that many are not. Not long ago we found it necessary to require the referee in unemployment compensation cases to orally explain claimant's rights at the outset of the hearing. *Katz v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981). We later held that unless the failure of the referee to give the necessary warnings to a claimant was either prejudicial to the claimant or materially affected his rights, the omission would be harmless error. *Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981) and *Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981). We now find it neces-

sary in the interest of justice and fairness for the referee in an unemployment compensation benefit case to explain to an uncounselled claimant that where the employer has the burden of proof, the claimant is not required to testify and that if the claimant does testify, that testimony may be used to determine that claimant is ineligible for unemployment compensation benefits.

The second issue presented by Claimant is this case is whether the Board erred in concluding that when the Claimant chose between two competing duties she was guilty of willful misconduct. If the Claimant had not testified, this issue would not be reached, of course, because the employer simply would not have met his burden of proof.

Under such circumstances, we believe the case must be remanded to the Board for further proceedings consistent with this opinion.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-207996, dated July 16, 1982, is vacated and the case is remanded to the Board for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

DISSENTING OPINION BY JUDGE DOYLE:

Regretfully I must dissent. The holding of the majority will conflict with our previous decision in *Bennett v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 455, 445 A.2d 258 (1982), and in particular that portion of 34 Pa. Code Section 101.21 which imposes upon the referee an obligation to counsel every unrepresented party, and "give him every assistance compatible with the *impar-*

*tial* discharge of its [tribunal's] official duties." (Emphasis added.)

The employer here was not even in attendance and therefore was also "unrepresented." I believe it is against reason for the advice given by a referee to an unrepresented party to be contingent on rules of evidence and the burden of proof as between competing parties.

The instant decision requires more than the impartial giving of advice to the uncounseled claimant. It casts the referee in the role of surrogate counsel and advocate for the claimant. As noted in *Groch v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 26, 472 A.2d 286 (1984), the party who proceeds in a legal matter without counsel must assume, to a reasonable degree, the risk of so doing. The mitigation of that risk encompassed in the holding in the case at bar is, I think, both unreasonable and contrary to the pertinent regulations and case law.