Robert F. Perotti, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 16, 1984, to Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Donald R. Shroyer,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 17, 1984:

Robert F. Perotti (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) reversing a decision of the referee and declaring Claimant ineligible for unemployment compensation because he was discharged from work for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law.[1] We reverse.

Claimant was employed by Jernigans Tobacco Village as a store manager from 1980 until he was dis-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802(e).

charged on September 12, 1982, for failing to lock the door at the end of the business day.

After a hearing, the referee made the following relevant findings of fact:[2]

2. The Claimant inadvertently failed to lock the front door on September 12, 1982, and the owner was notified by security personnel at the mall, that the door was left unlocked.

3. The door was left unlocked on several occasions, but the owner was unable to determine how many times the Claimant was responsible for the doors being left unlocked since another employee also had the responsibility of locking the door.

4. The Claimant was discharged by the employer for failing to lock the door on September 12, 1982.

5. The Claimant performed his job to the best of his ability.

The referee concluded that while Claimant may have been negligent in not making sure the door was locked on September 12, 1982, his omission did not rise to the level of willful misconduct.

On appeal, the Board failed to adopt the referee's second through fifth findings of fact. Instead, the Board found:

2. One of Claimant's duties, when he was working the last shift at the store, was to lock the doors when he would close the store that business day.

3. Claimant, on several occasions, failed to lock the doors when he left the store at the end of the business day.

---

[2] The referee's initial finding identified the employer and the date of discharge.

4. Claimant was warned about his failure to lock the doors.

5. On September 12, 1982, Claimant failed to lock the doors at the end of the business day and he was discharged.

Based on these findings, the Board reversed the referee's decision and concluded that Claimant's failure to lock the doors of the store, which was part of his duties and for which he had received prior warnings, constituted willful misconduct.

Before this Court Claimant contends: (1) that the findings of the Board are based only on objected-to hearsay and thus are not supported by competent evidence; (2) that the Board failed to indicate which of the referee's findings are inconsistent, incredible and unsupported by the evidence; and (3) that the employer failed to meet its burden of showing that Claimant's conduct constituted willful misconduct. The Board, in its brief, admits that its finding with respect to the Claimant's failure to lock the door on September 12, 1982 is based on hearsay evidence and requests that this case be remanded for the development of further testimony.

The burden of establishing willful misconduct is on the employer. *Miller v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 102, 445 A.2d 1372 (1982). Whether or not a claimant's conduct rises to the level of willful misconduct is a question of law. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We note that in an unemployment compensation case where the party with the burden of proof prevails below, our scope of review is limited to determining whether an error of law has been committed and whether substantial evidence supports the necessary

findings of fact. *James v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 230, 429 A.2d 782 (1981).

The only evidence presented at the hearing before the referee was the testimony of Claimant and the owner of the store. The owner testified that on September 12, 1982, he received a phone call from the store's other employee telling him that the front door had been left unlocked. This employee was notified of the unlocked door by the mall security and had gone to the mall and locked the door prior to calling the owner. The owner testified that later that day he spoke with a security guard at the mall and was told that the incident had been recorded in the mall security log. There was only one other incident of the door being left unlocked recorded in the log; however, the owner stated that there had been other times when both Claimant and the other employee had left the door unlocked. The owner had warned both employees that the next time a door was left unlocked they would be terminated. Finally, the owner testified that there had also been a couple of times when Claimant had left the back door of the store open.

Claimant testified that he knew that he had never left the front door unlocked during his two years at the store; however, he couldn't be sure of what happened on the day of his discharge except that he didn't willfully leave the door unlocked.

It is well settled that hearsay evidence which is properly objected to is not competent to support a finding of the Board. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). Here, the finding that Claimant had failed to lock the door on September 12, 1982 is clearly based on hearsay testimony. The owner did not testify from personal knowledge of the

unlocked door, rather, he repeated what he had been told by his other employee and the security guard. This testimony, to which a proper objection was raised, is clearly hearsay and thus is not competent evidence to support the Board's finding. The only other evidence relating to the incident on September 12, 1982, was that of the Claimant which, standing alone, is not substantial evidence to support the Board's finding.

Moreover, our review of the record reveals no other competent evidence which is sufficient to support the Board's conclusion that Claimant had engaged in willful misconduct. The Board's third finding, that Claimant failed to lock the doors on several occasions, is based on the owner's very general statements which did not include the underlying facts.[3] Such conclusory testimony is not competent. *New Kensington-Arnold School District v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 551, 403 A.2d 1377 (1979); *Parke v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 382, 393 A.2d 62 (1978). The fourth finding establishes a warning, rather than a failure to lock the doors.

---

[3] The owner's testimony in this regard was as follows:

A: There has been other occasions, in fact, I talked to the security guard and I didn't bring the note with me but the log that he had at his desk there was one other incident recorded and he said he didn't find any other incidents, maybe the security guard had not recorded these things but without a doubt I have been called out several times because the doors have been unlocked.

. . . .

Q: . . . was it Mr. Perotti's [Claimant's] responsibility on those occasions to lock the door or was somebody else?
A: There were occasions where both Sharon [Co-employee] had left the door locked (sic) and occasions where Bob [Claimant] had left it, had been the closing employee then on that particular night.

We, therefore, conclude since there is no substantial competent evidence to prove that Claimant's conduct amounts to willful misconduct,[4] the Employer has necessarily failed to sustain its burden of proof.[5]

Accordingly, we reverse the decision of the Board.

ORDER

AND Now, May 17, 1984, the decision of the Unemployment Compensation Board of Review, No. B-214-353, is reversed.

Jurisdiction reliquished.

---

[4] The owner in his testimony also made reference to two other incidents in which Claimant allegedly violated company policy. He stated that once during working hours Claimant had visited a travel agency which was next door to the store and from which Claimant allegedly would not have been able to see people entering or leaving the store. However, this testimony is also hearsay. The owner had no personal knowledge of this incident but rather was merely repeating what he had been told by another person. With respect to the other incident, the owner stated that he discovered Claimant sitting in a chair, with his feet propped up, in front of a restaurant which was next door to the store. The owner stated that it appeared to him that Claimant was "dozing". While such testimony is not hearsay, it is our view that this incident, standing alone, does not support a finding of willful misconduct.

[5] As a result, we need not address Claimant's argument that the Board failed to state in its order the specific reasons for not adopting the referee's findings as required by *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982).