523 A.2d 1214

Anthony Lombardo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 13, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Charles J. Bufalino, Jr.,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 14, 1987:

An unemployment compensation referee's decision granted Anthony Lombardo benefits. The Board of Review reversed. Section 402(e) of the Unemployment Compensation Law (Act).[1] Lombardo appeals;[2] we reverse.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] Our scope of review is limited to determining whether the findings of fact are supported by substantial evidence and whether

Lombardo, a bakery driver/salesman, was discharged for falsifying company records.[3] After receiving a customer complaint about Lombardo's service, the employer conducted an investigation and discovered delivery discrepancies.[4]

The referee concluded that the investigation did not adequately prove that Lombardo was responsible for the shortages.[5] The Board, however, disagreed and concluded that Lombardo did not have good cause for violating a work rule.[6]

Lombardo contends that the record lacks substantial evidence to support the Board's finding that he willfully falsified records. We agree.

The Board found that the employer conducted an investigation by taking inventory before and after Lombardo's deliveries. The employer would subtract the delivered loaves from the total number on the shelf; any difference between the first count and the result of the second procedure would be charged against Lombardo.

---

the referee committed an error of law or violated any constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

[3] Unemployment Compensation Board of Review order, Finding No. 2, Record, Item No. 11.

[4] The customer, a restaurant owner, complained that he was paying for more loaves than were being delivered. The employer held an investigation for six days and discovered discrepancies on three of those days.

[5] The referee found that the *customer* had two ways to enter the storage area where the bread was housed and the *employer* did not have a clear view of the entranceways to the storage area. Record, Item No. 8. Although the referee found that the customer informed his staff about the ongoing investigation, the employer could not see if anyone else may have been taking the bread. N.T., 2/6/85, pp. 38-39.

[6] Unemployment Compensation Board of Review order, Findings Nos. 10, 11, 12, Record, Item No. 11.

At first blush, these findings appear sufficient to support the conclusion that Lombardo was falsifying records. However, upon a careful examination of the record, the validity of the employer's investigation is seriously questioned. For example: (1) the employer would take the first inventory between forty-five minutes to two hours before Lombardo made his delivery; (2) during the interval between inventory and delivery, the employer would not have a clear view of the entranceways to the customer's storage area; and further (3) the intermingling of the old and fresh bread made it unclear whether the bread was missing from preexisting inventory or from the most recent delivery.[7]

Although we have held that circumstantial evidence, if substantial, is sufficient to support a finding of willful misconduct, evidence is substantial only where it so preponderates in favor of the conclusion that it outweighs, in the fact finder's mind, any inconsistent evidence and reasonable inferences drawn therefrom. *Wysocki v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 260, 487 A.2d 71 (1985).

The only evidence of Lombardo's alleged falsification is the investigation result establishing a shortage. The investigation itself does not positively attribute the shortage to Lombardo's culpability but points equally to the possibility of misconduct by others or a counting error by Lombardo.[8] Thus, the results do not preponder-

---

[7] Although the employer had marked the day-old loaves when he made his first count, he failed to compare the number of recently delivered loaves with the number of delivered loaves indicated on the sales slip.

[8] The referee found that Lombardo stated he never took any bread for his personal use and that he did not have any excess bread when he finished his route on the day he was discharged for short-changing the customer eight loaves of bread. Referee Findings Nos. 9 and 10, Record, Item No. 8.

ate a conclusion that Lombardo failed to deliver the unaccounted for loaves or deliberately falsified the sales slip.

Having carefully reviewed the record, we hold that there is insufficent evidence to support the Board's finding that Lombardo's actions rose to the level of willful misconduct. Accordingly, the Board's order is reversed.

### ORDER

The Unemployment Compensation Board of Review order, No. B-241798 dated July 15, 1985, is reversed.