525 A.2d 463

Raymond Bobchock, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Carol Kowall,* for petitioner.

*Charles D. Donahue,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, May 6, 1987:

Raymond Bobchock (petitioner) appeals a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of unemployment compensation benefits. The Board's denial of benefits was predicated on the finding that petitioner's conduct amounted to willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1] We reverse.

Petitioner was employed by Photo Hut, Inc., which specialized in film developing. Petitioner's primary duties at Photo Hut were to mount slides and to develop

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

film. In addition to his primary duties, petitioner would perform other tasks during the busy periods at Photo Hut. Likewise, other Photo Hut employees would operate the slide mounting machine during these busy periods. Petitioner's dismissal was a result of a customer complaint regarding the quality of certain slides mounted at Photo Hut. In January, 1982, which is a busy period for film developing, a customer brought in three rolls of slide film for developing and mounting. Upon receipt of this film, the customer complained that approximately one-third of the slides were mismounted. When the customer complained, the manager dismissed petitioner on the assumption that petitioner was the one responsible for this error.

Petitioner's application for benefits was denied by the local Office of Employment Security (OES) on the basis of willful misconduct. At a hearing before the referee held on March 4, 1982, petitioner was not represented by counsel. The referee determined that petitioner's conduct constituted willful misconduct and petitioner was, therefore, disqualified from receiving unemployment compensation benefits. This decision was affirmed by a Board order on May 6, 1982, and it is from this order that petitioner appeals.

Initially, we note that our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether any necessary findings of fact made by the agency are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Additionally, willful misconduct is a question of law subject to our review. *Browning-Ferris Industries of Pa., Inc. v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 460, 501 A.2d 711 (1985).

Petitioner's first argument is that the referee erred in failing to advise petitioner, who was unrepresented at

the hearing, that he did not have to testify. In support of this argument, petitioner's brief urges upon the Court as correct and controlling our decision in *Vann v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 189, 473 A.2d 237 (1984). The principle petitioner relies upon annunciated in *Vann*, however, has been vacated by our Supreme Court in *Vann v. Unemployment Compensation Board of Review*, 508 Pa. 139, 494 A.2d 1081 (1985).

Petitioner next maintains that this incident did not amount to willful misconduct. Petitioner argues that, if anything, this conduct amounts to one instance of unintentional negligence. With this argument, we would agree if only one slide was mismounted. However, there were thirty slides mismounted out of a total of ninety-two. Mismounting almost one-third of the slides is more than an act of unintentional negligence. In this matter, the slides could not be fixed or replaced and the customer threatened to sue. This type of conduct is obviously inimical to an employer's best interest. Moreover, as a matter of law, such conduct rises to the level of willful misconduct in that it constitutes a disregard of a standard of behavior which an employer has a right to expect of an employee. *See Jones v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 572, 460 A.2d 412 (1983).

While we have stated that the conduct involved in the instant matter would amount to willful misconduct, we are not able to determine from the record if it was the petitioner himself who was guilty of such conduct. The referee in finding of fact No. 3 stated:

> The customer threatened to sue the employer, and as a result the employer conducted an investigation and determined that the claimant was the person that improperly mounted the slides.

A review of the notes of testimony determines that this was a busy season at the Photo Hut because of the post-holiday rush to have film developed. While petitioner may have been primarily responsible for the mounting of the slides, other employees had access to the slide mounting machine during these busy periods. That coupled with the fact that Photo Hut did not keep records as to when film arrived, or who processed the film, leads to the conclusion that there is no direct evidence as to who improperly mounted the slides in question. Since there were others who had access to the machine and mounted slides during the period in question, we are dealing largely with speculation and speculation does not amount to substantial evidence. Substantial evidence requires more than a scintilla of evidence or suspicion of the existence of a fact to be established. *Erie Resistor Corp. v. Unemployment Compensation Board of Review,* 194 Pa. Superior Ct. 278, 166 A.2d 96 (1961). *See also Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

In the absence of substantial evidence to support the findings of fact, the Board's order is reversed.

## ORDER

AND NOW, this 6th day of May, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.