589 A.2d 300

**Joanne B. FREY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 13, 1991.

Decided April 9, 1991.

34

Kathleen Graham, with her, Danna Rich–Collins, Williamsport, for petitioner.

Vincent Candiello, with him, Audrey F. Miner, Morgan, Lewis & Bockius, Harrisburg, for respondent, intervenor.

Before CRAIG, P.J., and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and BYER, JJ.

PELLEGRINI, Judge.

Joanne B. Frey (Claimant) appeals from an Order of the Unemployment Compensation Board of Review (Board) which affirmed the Decision of the Referee denying Claimant unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897,

*as amended,* 43 P.S. § 802(e), for willful misconduct result-
ing in her discharge from employment[1].

Claimant was employed as a customer service representa-
tive by Pennsylvania Airlines (Employer) from November
17, 1986, until she was discharged on August 13, 1989.
Claimant applied for unemployment compensation benefits
which were granted by the Office of Employment Security.
The Employer appealed to a Referee, which reversed and
denied benefits, finding that Claimant's conduct in leaving a
safe unlocked and leaving the safe's combination in view of
unauthorized persons constituted willful misconduct. (Ref-
eree's Findings of Fact #'s 8, 9 and 10). Claimant then
appealed to the Board, which affirmed the Referee's Deci-
sion. Claimant now appeals the Board's Order.[2]

According to the Board's findings, Claimant left work on
the evening of August 7, 1989, after shutting the safe door
and the door to the room where the safe was located.
(Board's Findings of Fact (B.F.F.) # 8). However, Claimant
did not lock the safe door nor did she lock the door to the
room. (B.F.F. # 9). The next morning, the Employer's
Manager, David Hartley (Hartley) arrived at work, was told
the safe had been left open, and discovered that the door
was, in fact, wide open. (B.F.F. # 10). Hartley conducted
an investigation as to why the safe was left open. (B.F.F.
# 11). On August 9, 1989, Claimant left a paper with the
combination to the safe improperly laying on top of the safe
for anyone to see. (B.F.F. # 12). On August 14, 1989,

1. Section 402(e) of the Law provides:
 An employee shall be ineligible for compensation for any week in
 which his unemployment is due to his discharge or temporary
 suspension from work for willful misconduct connected with his
 work, irrespective of whether or not such work is "employment" as
 defined in this act.
 43 P.S. § 802(e).

2. Our scope of review is limited to a determination of whether
 constitutional rights have been violated, errors of law have been
 committed, or whether substantial evidence exists to support the
 factual findings made. *Grinnell v. Unemployment Compensation
 Board of Review,* 127 Pa.Commonwealth Ct. 298, 561 A.2d 843 (1989),
 *petition for allowance of appeal denied,* 525 Pa. 613, 577 A.2d 545
 (1990).

Hartley concluded from his investigation that Claimant was responsible for leaving the safe open, and placed her on indefinite suspension pending results of a further investigation. (B.F.F. #'s 13–14). Thereafter, Claimant was terminated. (B.F.F. # 15).

Before this Court, Claimant contends that Employer did not establish by substantial evidence that Claimant was responsible for leaving the safe unlocked, or, for that matter, that the safe had been left unlocked at all, since this finding is based on hearsay uncorroborated by other non-hearsay evidence citing *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976).

In testimony before the Referee, Hartley testified that he became aware that the safe had not been locked when it was "mentioned" to him by another employee. (Notes of Testimony (N.T.) pp. 5–6). This employee was not called to testify at the hearing. The rule announced in *Walker* holds that hearsay evidence, *properly objected to*, is not competent evidence to support a finding of the Board. *Walker*, 27 Pa.Commonwealth Ct. at 527, 367 A.2d at 370. Hearsay evidence, admitted without objection, will be given its natural probative effect, and may support a finding of the Board if it is corroborated by any competent evidence in the record, but a finding of fact based *solely* on hearsay will not stand. *Walker*.

In this case, Hartley's testimony that another employee had "mentioned" that the safe door had been left open is clearly hearsay; however, the parties disagree as to whether a timely objection was raised. After a review of the record, we are satisfied that Claimant's objection was proper.[3] According to the rule in *Walker*, therefore, the hear-

3. Counsel for the Employer elicited the response containing the hearsay answer. While Claimant's counsel did not immediately object, Employer's counsel interrupted his witness before he had finished his answer to clarify a point. When Employer's counsel then redirected his question at the witness, Claimant's counsel objected. The exact testimony is as follows:

say evidence, properly objected to, is not competent evidence to support the Board's Finding of Fact No. 10.

██ There was, however, independent competent evidence to support that finding. Hartley testified that he had personally observed that the safe door was open when he arrived at the office on the morning following Claimant's shift.[4] Circumstantial evidence, if substantial, is sufficient to support a finding of willful misconduct if such evidence is so preponderate in favor of a finding of misconduct that it outweighs, in the factfinder's mind, any inconsistent evidence and reasonable inferences drawn therefrom. *Lombardo v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 278, 523 A.2d 1214 (1987). We find that Hartley's personal observation of the open safe constitutes substantial circumstantial evidence to support the finding that the safe door was open when Hartley arrived at work.

Hartley's personal observation of the open door distinguishes this case from a previous willful misconduct case also involving unlocked doors. In *Perotti v. Unemployment Compensation Board of Review*, 82 Pa.Commonwealth Ct. 551, 475 A.2d 947 (1984), the employer testified that he received a phone call from another employee informing him that the front door to employer's store had been left unlocked. That employee had been notified of the unlocked door by the mall security and had gone to the mall and locked the door prior to calling the employer. The

Emp. Counsel: You mentioned that another employee had come up to you the first thing that morning and said the safe was unlocked.
Cl. Counsel: I am going to object, the well, what you heard from another employee is hearsay.
Referee: Alright, it is hearsay.
Emp. Counsel: It was offered for Mr. Hartley's state of mind not for the truth of the matter, but....
Referee: It is the second time you asked him the question, the other one was not objected to, so go and move on.
N.T., p. 6.

4. "Uh, I proceeded to go back to that room and opened the door and indeed the safe was left wide open...."
N.T. at 5.

employer later verified the incident by speaking with the security guard. *Id.*, 82 Pa.Commonwealth Ct. at 555, 475 A.2d at 949.

The Court in *Perotti* held:

Here, the finding that claimant had failed to lock the door ... is clearly based on hearsay testimony. The owner did not testify from personal knowledge of the unlocked door, rather, he repeated what he had been told by his other employee and the security guard. This testimony, to which a proper objection was raised, is clearly hearsay, and thus, is not competent evidence to support the Board's finding....

*Id.*, 82 Pa.Commonwealth Ct. at 555–56, 475 A.2d at 949.

Here, Hartley did testify from personal knowledge that the door was open when he arrived the next day. This testimony is sufficient to support the Board's Finding of Fact No. 10.

While there is ample evidence to establish that the safe door was not locked, and while such conduct by an employee in Claimant's position would certainly constitute willful misconduct,[5] we cannot find substantial evidence in the record to support the Board's conclusion that Claimant was responsible for the incident.[6]

In *Bobchock v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 645, 648–49, 525 A.2d 463, 464 (1987), the claimant, who worked for a photo developer, was discharged for mismounting thirty slide

---

**5.** For behavior to constitute willful misconduct, the employee's behavior must evidence (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the *disregard of standards of behavior which an employer can rightfully expect from his employee*, or (4) *negligence* which manifests culpability, wrongful intent, evil design, or intentional and *substantial disregard for the employer's interest* or the employer's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973). (Emphasis added.) The negligent leaving open of a safe clearly evidences a disregard for employer's interests.

**6.** Whether findings by the Board support a conclusion of willful misconduct is a question of law subject to review by our Court. *McCrea v. Unemployment Compensation Board of Review*, 87 Pa.Commonwealth Ct. 273, 487 A.2d 69 (1985).

transparencies. The Court agreed that this conduct constituted willful misconduct, but reversed the Board because there was no direct evidence as to who improperly mounted the slides in question.

The Court stated that "[s]ince there were others who had access to the machine and mounted slides during the period in question, we are dealing largely with speculation and speculation does not amount to substantial evidence." *Id.*, 105 Pa.Commonwealth Ct. at 649, 525 A.2d at 464–65.

Here, other employees were already present in the office when Hartley arrived. These employees both had access to the safe and reason to open it for the morning shift. The only evidence presented by the Employer to establish that Claimant was the person responsible for leaving the safe unlocked was the incompetent hearsay testimony of what was "mentioned" to Hartley. Here, as in *Bobchock*, Employer's conclusion that Claimant was responsible is based on speculation and not substantial evidence. Therefore, the Board's finding of willful misconduct cannot be based on this incident.

There remains, however, the question of whether Claimant's other conduct, specifically leaving the safe combination in view of unauthorized persons, is in itself sufficient to support a finding of willful misconduct and whether it was, in fact, a basis for her termination.

It is undisputed that the Claimant left the combination on top of the safe. Claimant testified that the safe combination had been recently changed and that she had written the combination on a slip of paper. (N.T. p. 23). While attempting to open the safe, Claimant experienced some difficulty, and a fellow employee, also needing access to the safe, offered to open it for her but did not have the combination. Claimant then told the second employee "[t]he combination paper is on top of the safe and when you are done with it would you please put it in my mailbox?" According to Claimant's testimony, the other employee indicated that she would do so. While the testimony is some-

what unclear, it appears that some time later the manager, Hartley, discovered the paper still lying on top of the safe. (N.T. p. 23).

However, there is conflicting evidence in the record as to whether Claimant's discharge was based solely on the un--locked safe or whether the security breach regarding the combination was also a factor. The Referee and the Board both determined that the discharge was based on both reasons. A review of Hartley's testimony convinces us that it was, in fact, considered in the Employer's decision to terminate the Claimant.

The following colloquy took place between the Referee and Hartley:

Referee:

I have a question. Mr. Hartley, on your exhibits, which is also a local office exhibit, there is a statement on there that the claimant left the combination to the safe on top of the safe?

Hartley:

Yes.

Referee:

Was that a part of her discharge?

Hartley:

*That was part of it, yes,* and as a breach of security leaving the combination to the safe on top of the safe for anybody to see it and that happened two days after an investigation, a thorough investigation was made....

Referee:

What do you mean it happened two days?

Hartley:

It was left, it happened two days after the incident of the safe being left wide open, it was a separate incident.

Referee:

She would have been fired anyway, right?

Hartley:

Pardon.

Referee:

She would have been fired anyway?

Hartley:

Yes, yes, at that time, yes.

Referee:

So, her leaving the combination of the safe was *not a factor in her getting fired?*

Hartley:

*No, no.*

Referee:

Cross examination, Mr. Smith?

(N.T. pp. 12–13) (emphasis added).

Hartley explicitly states that Claimant's conduct in leaving the combination on top of the safe was a reason for her discharge. However, when asked again, he answers a negative with a negative, making his testimony confusing. Since the Referee is the ultimate factfinder and is empowered to resolve conflicts in testimony and determine the credibility of witnesses, *Cowls v. Unemployment Compensation Board of Review,* 58 Pa.Commonwealth Ct. 150, 427 A.2d 722 (1981), the finding that the Employer discharged Claimant for this incident must stand. *See* (B.F.F. # 9).

We must now determine whether Claimant's conduct amounted to willful misconduct. When a claimant has been denied benefits under Section 402(e) of the Law, the employer has the burden of proving the willful misconduct for which the employee was terminated. *Browning–Ferris Industries of Pennsylvania, Inc. v. Unemployment Compensation Board of Review,* 93 Pa.Commonwealth Ct. 460, 501 A.2d 711 (1985). However, if an employee's actions are justifiable and reasonable under the circumstances, they will not be regarded as willful misconduct. *Placid v. Unemployment Compensation Board of Review,* 58 Pa.Commonwealth Ct. 250, 427 A.2d 748 (1981).

A review of the record convinces us that the Board was correct in concluding that the Employer established

that these actions amounted to willful misconduct for which Claimant had no justification. As previously stated, *See* Footnote #5, willful misconduct can result from a "disregard of standards of behavior which an employer can rightfully expect" or from "negligence which manifests ... substantial disregard for the employer's interest." *Kentucky Fried Chicken of Altoona, Inc.* Claimant's conduct in leaving the combination of the safe out in the open clearly demonstrated a disregard of the Employer's interests and the standards of behavior her Employer could expect. Furthermore, the fact that she allowed another employee to use the combination does not justify her conduct. Therefore, Claimant's termination was based on willful misconduct.

Accordingly, we will affirm the Order of the Board.

McGINLEY and KELLEY, JJ., dissent.

## ORDER

AND NOW, this 9th day of April, 1991, the Order of the Unemployment Compensation Board of Review dated February 15, 1990, is affirmed.