**Patricia WATKINS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 24, 2000.

Decided May 16, 2000.

Claudia G. Lukert, Harrisburg, for petitioner.

James K. Bradley, Harrisburg, for respondent.

Before COLINS, J., McGINLEY, J., and JIULIANTE, Senior Judge.

MCGINLEY, Judge.

Patricia Watkins (Claimant) petitions for review from the order of the Unemployment Compensation Board of Review (Board) which reversed the referee's grant of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1]

On December 31, 1998, the Job Center approved Claimant for benefits under Section 402(e) of the Law, 43 P.S. § 802(e). The Commonwealth of Pennsylvania, De-

---

**1.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

partment of Public Welfare (Employer) appealed to the referee. After a hearing on March 2, 1999, the referee affirmed. Employer appealed to the Board. On June 8, 1999, the Board, on its own motion, remanded the case to the referee to serve as the Board's hearing officer in a *de novo* hearing for the purpose of establishing or completing the record. After reviewing the notes of testimony of the March 2, 1999, hearing, the Board determined that the actions of the referee prevented a fair hearing.[2] The Board ruled that it would not consider the notes of testimony from the March 2, 1999, hearing and would only consider the testimony and documents from the remand hearing.

Claimant worked as a claims investigation agent for Employer until her discharge effective December 11, 1998. Employer discharged Claimant for unsatisfactory performance which included her failure to follow instructions. The Board found that Claimant's production was considerably lower than that of other employees in similar positions. The Board also determined that Employer took a series of steps designed to help Claimant improve but that Claimant did not cooperate and failed to keep a daily log, seek advice from her supervisor when she had questions, or maintain a case notebook. Claimant also hid mail she obtained from the Franklin County Domestic Relations Office and the Franklin County Assistance Office rather than transport it between the two offices.

The Board concluded that Claimant was capable of performing her work but that she failed to follow directions and instructions. As a result her work was unacceptable. The Board determined that Claimant's actions constituted willful misconduct under Section 402(e) of the Law, 43 P.S. § 802(e), and reversed the referee's grant of benefits.

Claimant contends that the Board erred.[3] Initially, Claimant contends that the Board's decision to grant Employer's appeal of the referee's decision constituted an abuse of discretion because Employer did not indicate a basis for the appeal other than "we do not agree with the decision." Letter from Damien F. Veatch, March 17, 1999. Claimant also asserts that the Board's determination that the parties were denied a fair hearing was erroneous because Employer did not raise that issue in its appeal. Consequently, Claimant believes that the Board provided Employer with an unwarranted second "bite of the apple" and, in so doing, abused its discretion.

The Board contends that Claimant waived these issues by not objecting to the remand for a new hearing in a timely manner. The Board argues that Claimant failed to object to the order remanding the matter for a *de novo* hearing and did not object at the *de novo* hearing. At the remand hearing, Claimant requested an explanation of the decision to remand. After the referee finished his explanation of the Board's order, Claimant did not lodge an objection and indicated that she under-

2. The legal department of the Board did not specify how the referee prevented a fair hearing. Similarly, the Board's remand order lacked specificity. · In its brief to this Court, the Board asserts that the referee prevented Employer from raising and developing the applicability of Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1). Notes of Testimony, March 2, 1999, (N.T.) at 10, 28. Second, the Board asserts that the referee restricted questioning by the Employer that was intended to establish that Claimant's poor work performance was due to her refusal to follow instructions. N.T. at 12, 18–19. Third, the Board asserts that the referee discouraged Claimant from presenting evidence regarding physical problems such as her alleged attention deficit disorder that may have contributed to her poor work performance. N.T. at 36. Fourth, the Board asserts that the referee was unnecessarily curt and made caustic remarks to the parties. N.T. 13–14, 30.

3. Our review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or essential findings of fact are not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 161 Pa. Cmwlth. 464, 637 A.2d 695 (1994).

stood the referee's explanation.[4] In *Vann v. Unemployment Compensation Board of Review*, 81 Pa.Cmwlth. 189, 473 A.2d 237 (1984), *vacated and remanded on other grounds*, 508 Pa. 139, 494 A.2d 1081 (1985), this Court held that when a claimant responded "Hum-um" to the referee's question as to whether she objected to the introduction of records from the Office of Employment Security, such a response did not constitute a valid objection. Similarly, we find here that Claimant failed to object on remand before the referee. Also, Claimant did not lodge any objection with the Board when the Board ordered the remand.

 An unemployment compensation claimant waives review of an issue by neglecting to raise and preserve it before the referee. *Dehus v. Unemployment Compensation Board of Review*, 118 Pa. Cmwlth. 344, 545 A.2d 434 (1988). Given that Claimant did not object to the Board's order remanding the case for a *de novo* hearing before the matter reached this Court, we agree with the Board that Claimant has waived any issues dealing with the remand.[5]

Accordingly, we affirm.[6]

4. Claimant questioned the referee concerning the reason for a second hearing:

> C: What I wanted to know is what was wrong with the first hearing?
> R: What was wrong with the first hearing. Mrs. Watkins [Claimant], all I can tell you is that in the memorandum from the legal department of the Board of Review which will be identified momentarily for the record, the Board has stated in their memorandum that the Board has determined that certain actions on the part of the Referee at the March 2 hearing prevented the parties from receiving a fair hearing. Now I was not the Referee on March 2, so I don't know exactly what references the Board is making, but that is the position the Board has taken in this case. Because of that, the Board has decided what is called original jurisdiction, which means that the Board can order that a hearing be conducted effectively as a brand new hearing, in lay person's terms. Does that answer your question?
> C: I guess.

*O R D E R*

AND NOW, this 16th day of May, 2000, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Notes of Testimony, July 1, 1999, at 5–6.

5. We abhor the Board's decision to remand for a *de novo* hearing without providing any explanation or reason for the remand and fully understand Claimant's befuddlement. In *Ensle v. Unemployment Compensation Board of Review*, 740 A.2d 775 (Pa.Cmwlth. 1999), this Court, while acknowledging that the Board had the authority to exercise broad discretion when deciding to grant reconsideration, remanded the case to the Board so that the Board could set forth the reasons for reconsideration. Similarly, in the future, the Board must specifically inform the parties why it is remanding for a *de novo* hearing.

6. Claimant also contends that the Board's remand decision resulted in a denial of her due process rights and that because the *de novo* hearing was inappropriate any findings of fact from the *de novo* hearing which differ from the findings in the original hearing were not supported by substantial evidence. As stated, Claimant waived any issues with respect to the remand.