# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Luszczynski, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 872 C.D. 2017 |
| | : | Submitted: November 3, 2017 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED:  December 12, 2017

John Luszczynski (Claimant), pro se, petitions for review of the June 7, 2017 Order of the Unemployment Compensation (UC) Board of Review (Board) affirming the April 14, 2017 Decision of the Referee, which denied unemployment compensation benefits on the basis that Claimant is financially ineligible under Sections 401(a)(2) and 404 of the UC Law (Law).[1]  We affirm.

The following facts are undisputed.  Claimant, a bricklayer, was previously employed by Giles Cannon, Inc. and A B & S Masonry Contractors.  Claimant filed

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801(a)(2), 804.

an application for UC benefits effective January 8, 2017, thereby establishing a base year period of October 1, 2015, through September 30, 2016. During the base year, Claimant earned the following wages: fourth quarter of 2015 - $0.00; first quarter of 2016 - $2,402.00; second quarter of 2016 - $16,598.00; and third quarter of 2016 - $5,810.00. Thus, "Claimant had a high quarter of $16,598.00 in the second quarter of 2016 and total base year wages of $24,810.00."[2] (Referee Decision, Finding of Fact (FOF) ¶ 3.) The UC Service Center found Claimant financially ineligible for benefits pursuant to Sections 401(a)(2) and 404 of the Law in that at least 37 percent of Claimant's qualifying wages were not paid to him outside the calendar quarter in which he had the highest wages. (Notice of Financial Determination, R. Item 2.)

Claimant appealed, and a Referee conducted a hearing at which Claimant appeared and testified. During the hearing, the Referee asked if Claimant disagreed with any of the numbers on the Notice of Financial Determination, and Claimant agreed that the numbers were "[a]ccurate" and that "everything[ was] up to snuff." (Hr'g Tr. at 4, R. Item 6.) Claimant asked "for leniency" from the 37 percent rule since he was so close to reaching it. (*Id.*)

The Referee concluded that Claimant was financially ineligible for UC benefits because his wages outside of his highest quarter in the base year were $8,212.00,[3] which was less than 37 percent of his total base year wages of $24,810.00. (Referee Decision at 2.)

Claimant then appealed to the Board. In a letter attached to his Petition for Appeal, Claimant argued that he satisfied the 37 percent rule because wages he made on March 28, 29, 30, and 31, 2016, totaling $1,201.28, should have been allocated

---

[2] The Referee, as did the UC Service Center, erroneously calculated Claimant's earnings as $24,811.00.

[3] The Referee erroneously calculated this figure as $8,213.00.

to the first quarter of 2016, when he earned that money, and not to the second quarter of 2016, when he was paid on April 7, 2016. The Board incorporated the Referee's findings and conclusions and affirmed the Referee's Decision. (Board Order.) The Board rejected Claimant's attachment to the Petition for Appeal, noting that it could not "consider documents appended to a party's appeal that were not admitted into evidence before the Referee." (*Id.*) In any event, the Board noted that wages are allocated "to the quarter when they are normally paid, [and] not when they are earned." (*Id.* (emphasis omitted).)

On appeal to this Court,[4] Claimant argues that the wages he earned on the last four days of March 2016 should have been allocated to the first quarter of 2016. Claimant asserts that the Board contradicted its own handbook when it allocated these wages to the second quarter of 2016. In further support of Claimant's assertion that he earned $1,201.28 over the last four days of March 2016 but was not paid until April 7, 2016, he has appended to his brief his paystubs, a page allegedly from the Pennsylvania UC Handbook, and his work calendar.

It is a claimant's burden to prove that he is financially eligible for benefits. *Pagliei v. Unemployment Comp. Bd. of Review*, 37 A.3d 24, 26 (Pa. Cmwlth. 2012). To be financially eligible for benefits, a claimant must satisfy the earnings requirements of Sections 401 and 404 of the Law for his base year. 43 P.S. §§ 801, 804. Section 401(a) of the Law provides:

> Compensation shall be payable to any employe who is or becomes unemployed, and who--

---

[4] Our standard of review of the Board's determination that Claimant is financially ineligible for benefits is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the adjudication is in accordance with the law, and whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

(a) Satisfies both of the following requirements:

(1) Has, within his base year, been paid wages for employment as required by section 404(c) of this act.

(2) Except as provided in section 404(a)(3) and (e)(1) and (2), not less than thirty-seven per centum (37%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.

43 P.S. § 801(a)(1)-(2).[5] "Sections 401 and 404 of the Law are explicit and leave no room for a more flexible, compassionate interpretation." *Devine v. Unemployment Comp. Bd. of Review*, 101 A.3d 1235, 1239 (Pa. Cmwlth. 2014).

Here, during Claimant's base year, he earned the following wages: fourth quarter of 2015 - $0.00; first quarter of 2016 - $2,402.00; second quarter of 2016 - $16,598.00; and third quarter of 2016 - $5,810.00. Thus, Claimant had a high quarter of $16,598.00 and total base year wages of $24,810.00. Thirty-seven percent of $24,810.00 is $9,179.70, but Claimant had only $8,212.00 in base year wages in quarters other than his high quarter. Therefore, Claimant did not meet the eligibility requirements for an award of benefits.

Claimant contends that the Referee should have allocated Claimant's earnings from the last four days of March 2016 to the first quarter of 2016, and not the second quarter, which, with an additional $1,201.28, would push him past the 37 percent threshold and make him eligible for UC benefits. Claimant, however, did not raise this contention until he appealed the Referee's Decision to the Board. Indeed, when

---

[5] Section 401(a)(2) of the Law was recently amended by Section 4 of the Act of November 3, 2016, P.L. 1100, and now requires a claimant to show that 37 percent or more of his base year wages were paid outside of his highest earning quarter, rather than 49.5 percent. This amendment applies to benefit years that begin after December 31, 2016. Section 14(1)(i) of the Act of November 3, 2016, P.L. 1100. Since Claimant's benefit year began as of January 8, 2017, the amended version of Section 401 applies to him.

the Referee asked Claimant at the evidentiary hearing if the numbers on the Notice of Financial Determination were accurate, Claimant agreed that they were accurate. Consequently, Claimant's contention is waived. *Watkins v. Unemployment Comp. Bd. of Review*, 751 A.2d 1224, 1226 (Pa. Cmwlth. 2000) (citing *Dehus v. Unemployment Comp. Bd. of Review*, 545 A.2d 434, 436 (Pa. Cmwlth. 1988)). Moreover, the documents Claimant appended to his brief such as a page allegedly from the Pennsylvania UC Handbook, his paystubs, and his work calendar are not part of the certified record on appeal and, thus, we cannot consider them.[6] *Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995).

Furthermore, even if Claimant had not waived this issue and these documents were properly before us, Claimant's argument is not supported by statute or precedent. Wages are generally allocated to a particular quarter based on when they are "paid" and not when they are earned. 43 P.S. § 801(a)(2) (emphasis added) ("not less than thirty-seven per centum (37%) of the employe's total base year wages **have been paid** in one or more quarters, other than the highest quarter in such employe's base year"); *see* Section 4(x) of the Law, 43 P.S. § 753(x) (emphasis added) ("Wages means all remuneration . . . **paid** by an employer to an individual with respect to his employment"); *Wooley v. Unemployment Comp. Bd. of Review*, 454 A.2d 224, 225 (Pa. Cmwlth. 1983) (emphasis added) (holding that "[w]ages must be included in the quarter in which they were **received**, not reallocated to the quarter in which they were earned. 'Paid' cannot mean 'earned.'"); 34 Pa. Code § 61.3(a)(1) (stating that

---

[6] In the letter attached to Claimant's Petition for Appeal to the Board, he indicated that enclosed with his Petition were a page from the Pennsylvania UC Handbook, his paystubs, and his work calendar, but none of these documents are in the certified record on appeal.

the "[g]eneral rule" is that "[w]ages are considered paid on the date when the employer actually pays them").[7]

Therefore, we affirm the Board's Order.

 

_____

**RENÉE COHN JUBELIRER,** Judge

---

[7] An exception to this rule exists when the employer delays payment from the regular payday, but Claimant makes no such argument in his brief.  34 Pa. Code § 61.3(a)(2).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Luszczynski, : 
                 Petitioner : 
                  : 
            v. :   No. 872 C.D. 2017
                  : 
Unemployment Compensation : 
Board of Review, : 
                 Respondent : 

## **O R D E R**

    **NOW**, December 12, 2017, the June 7, 2017 Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge