IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mike Hanson and | : | |
| Hanson Electric, | : | |
|       Petitioners | : | No. 566 C.D. 2021 |
| | : | |
|       v. | : | Submitted: February 4, 2022 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
|       Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZANNO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED: May 12, 2023

          Mike Hanson (Mr. Hanson) of Hanson Electric (Employer) has filed a *pro se* petition for review of the April 26, 2021 order of the Unemployment Compensation Board of Review (UC Board), which affirmed the Referee's decision to grant Justin Stanek (Claimant) unemployment compensation (UC) benefits. The UC Board determined that Claimant was eligible for benefits under Section 402(e) of the UC Law[1] (Law) because Employer did not meet its burden to prove Claimant's willful misconduct.

          The UC Board has filed an Application to Quash, arguing that Employer is a limited liability company (LLC), which raises the question of whether it must be represented by legal counsel before this Court in an appeal from the UC Board.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Upon careful review, we deny the Application to Quash and affirm the UC Board.

## I. BACKGROUND AND PROCEDURAL HISTORY

From June 16, 2015, until August 28, 2020, Claimant was employed by Employer as an electrician. (Finding of Fact (F.F.) No. 1; Certified Record (C.R.) at 11, 18, 91.) On August 28, 2020, Employer discharged Claimant because he left work after being asked to go to a job. (F.F. No. 2; C.R. at 93.) Claimant applied for UC benefits. The Scranton UC Service Center (Department) granted benefits pursuant to Section 402(e) of the Law. (C.R. at 15-16.) Employer, represented by Mr. Hanson, appealed and the Referee held a telephone hearing on March 26, 2021. However, the Referee lost the telephone connections before testimony could be taken. (C.R. at 44-52.) The Referee issued a decision granting benefits to Claimant pursuant to Section 402(e) of the Law. (C.R. at 54-58.) Employer, through Mr. Hanson, appealed to the UC Board. (C.R. at 60-65.) The UC Board issued an order remanding to the Referee to take testimony regarding the parties' nonappearance at the first hearing and on the merits. (C.R. at 67, 69-70.) At the remand hearing, Mr. Hanson explained that the Referee's calls were dropped three times and a connection was never reinstated despite his attempts. Regarding the underlying merits, Mr. Hanson testified that Employer was a sole proprietorship. (C.R. at 87a.) He testified that

> [Claimant] was discharged after he decided to act inappropriately at the office. He was forced to go to another job. He acted inappropriately, peeled-out in the parking lot. Acting like a nut bag. And I called him on the phone after my office had called me and told me what he did. I asked him where the keys were for the van. He said they're in my pocket, he should go back to the office, return them, and you're fired.

(C.R. at 89.)

2

The Referee asked Mr. Hanson if he had personally observed this conduct or whether the incident was reported to him by someone from his office. Mr. Hanson confirmed that his mother and his secretary who also worked in his office reported to him what happened. (C.R. at 91.)

After reviewing the testimony from the remand hearing, the UC Board issued a decision and order dated April 26, 2021, concluding that Employer had good cause for its nonappearance at the first hearing, but also granting benefits to Claimant pursuant to Section 402(e) of the Law because Employer's evidence about Claimant's work incident was based solely on hearsay. The UC Board concluded that because Mr. Hanson offered no testimony from a firsthand witness, he failed to carry his burden of proving Claimant was terminated due to willful misconduct. Thereafter, Mr. Hanson petitioned for review in this Court on behalf of Employer, arguing that the decision of the UC Board was wrong because Claimant was rightfully discharged after he walked off the job. (Petition for Review at 2.)

On August 9, 2021, the UC Board filed an Application to Quash Employer's appeal asserting that because Employer is an LLC, Mr. Hanson, a layperson, cannot represent it before this Court. On August 12, 2021, this Court entered an Order directing the parties to address the Application to Quash in their briefs along with the substantive merits raised in Mr. Hanson's petition for review.

## II.    DISCUSSION

### A. Application to Quash[2]

The UC Board argues that Mr. Hanson's appeal must be quashed because Employer is an LLC, and, therefore, it must be represented before this Court by legal

---

[2] Pursuant to Rule 1972 of the Pennsylvania Rules of Appellate Procedure, any party may move to quash an appeal for any reason appearing on the record.

3

counsel.[3]  In support of its contention that Employer is an LLC, the UC Board has provided the Court with a copy of a page from the Department of State's Bureau of Corporations and Charitable Organizations website dated August 5, 2021, that indicates that Employer is a "Limited Liability Company" with an Entity ID number of 6710387, and has been registered as such since May 2, 2018.  (Application to Quash, Attachment D.)

Mr. Hanson has responded to the Application to Quash, and disputes that Employer is an LLC.  He asserts that Employer is a sole proprietorship.  He explains that in 2018, his secretary mistakenly indicated Employer was an LLC on Employer's Electronic Tax Information and Data Exchange System submission to the Pennsylvania Department of Revenue.[4]  He has provided the Court with a copy of the correspondence dated August 31, 2021, from the Department of Revenue, which stated that Mr. Hanson's account is registered with the Department of Revenue as a "sole proprietorship."  In that correspondence, the customer service representative of the Department of Revenue stated:

---

[3] In its brief, the UC Board incorrectly states that the issue of whether Mr. Hanson may proceed *pro se* on behalf of Employer is moot because this Court directed Mr. Hanson to file a brief. In our order, we did not indicate that we would address the merits of Mr. Hanson's appeal.  Instead, we directed both parties to address this issue in addition to the merits of this appeal, which does not moot this issue.

[4] The Department of State and the Department of Revenue provide information to each other as required by statute. Section 134(b) of the associations Code, 15 Pa. C.S. § 134(b), requires the Department of State to transmit the information contained in the Docketing Statement to the Department of Revenue.  Section 403(a)(3) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, provides that upon receipt of a corporate tax report, the Department of Revenue shall promptly forward to the Department of State, the names of the president, vice-president, secretary, and treasurer of the corporation and the complete street address of the principal office of the corporation for inclusion in the records of the Department of State relating to incorporation. 72 P.S. § 7403(a)(3).

4

> I have reviewed the records for the Department of Revenue, and we show that your account is registered as a sole proprietorship. However, you may need to check with the Department of State to verify that they have updated their records. You may contact the Department of State at www.dos.pa.gov.

(Petitioner's Brief, Attachment B.)

Mr. Hanson has indicated to this Court that he has been in contact with the Department of State to have this information corrected. Our search of the Department of State, Bureau of Corporations and Charitable Organizations website reveals that Employer is no longer listed as an LLC but is listed as "Inactive-Terminated." (Available at https://file.dos.pa.gov/search/business (last visited 4/10/23)). This is consistent with Mr. Hanson's assertion that he would contact the Department of State to have the information corrected. It is also consistent with his testimony before the Referee that Employer is a sole proprietorship. The records provided by the UC Board predate the correspondence from the Department of Revenue, Mr. Hanson's explanation, and the updated Department of State records. They are, therefore, insufficient to prove that Employer is an LLC. Accordingly, the Application to Quash is denied.

## B. Waiver

Turning to the merits of Mr. Hanson's appeal, from what we can surmise from his petition for review, he bases his appeal on his disagreement with the Referee's findings regarding the facts surrounding Claimant's termination. Mr. Hanson does not brief this issue, nor does he provide any support as to why his testimony regarding Claimant's behavior should have been credited by the Referee. Rather, Mr. Hanson only asserts in his brief that Employer is a sole proprietorship, and the Department of State's website is incorrect stating Employer is an LLC. Because Mr. Hanson fails to

address or develop the argument from his petition for review, we conclude that he has waived the issue. *See Ruiz v. Unemployment Compensation Board of Review*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) ("When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue."); *Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) ("Arguments not properly developed in a brief will be deemed waived by this Court."); Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").[5]

---

[5] Even if we could address the merits of Mr. Hanson's appeal, we would affirm the UC Board. Our review is limited to determining whether constitutional rights were violated, whether an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Roberts v. Unemployment Compensation Board of Review*, 977 A.2d 12, 16 n.2 (Pa. Cmwlth. 2009). Although hearsay evidence standing alone cannot be used as competent evidence to support a finding of fact, hearsay evidence to which there has been no objection and which has been corroborated by other competent testimony is to be given its natural probative effect and may support such a finding. *Perminter v. Unemployment Compensation Board of Review*, 426 A.2d 245, 246 (Pa. Cmwlth. 1981).

From what we can glean from the petition for review, Mr. Hanson is challenging the Referee's findings regarding the reasons for Claimant's termination. *See* Petition for Review at 2-3. However, he did not witness Claimant's actions. Instead, Claimant's actions were reported to Mr. Hanson from two other employees who did not testify at the hearings before the Referee. (C.R. at 93.) Because Mr. Hanson did not observe Claimant's behavior himself, and the two other employees were not present to testify at the hearing, Mr. Hanson's testimony constitutes hearsay, which is not corroborated by other competent evidence in the record. *Perotti v. Unemployment Compensation Board of Review*, 475 A.2d 947 (Pa. Cmwlth. 1984) (testimony of store owner that his employee had failed to lock store door, which was not from owner's personal knowledge of the unlocked door, but rather, was based on what he had been told by his other employee and a security guard, was hearsay, and thus, was not competent to support decision of UC Board). Therefore, we would conclude that the UC Board's decision to grant Claimant UC benefits is supported by substantial evidence, and nothing in Mr. Hanson's testimony would support disturbing the Referee's determination.

6

## III.   CONCLUSION

Based on the foregoing, we deny the UC Board's Application to Quash and affirm the UC Board's April 26, 2021 order.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mike Hanson and                :
Hanson Electric,                :
              Petitioners    :    No. 566 C.D. 2021
                        :
        v.              :
                        :
Unemployment Compensation  :
Board of Review,              :
              Respondent    :

## *ORDER*

AND NOW, this 12th day of May, 2023, the April 26, 2021 order of the Unemployment Compensation Board of Review is hereby AFFIRMED. The Application to Quash filed by the Unemployment Compensation Board of Review is DENIED.

_____
PATRICIA A. McCULLOUGH, Judge